Per Curiam.

As the last paragraph of our opinion (163 Ohio St., at 438) indicates, it was not the intention of this court to disturb the September 7, 1954, judgment of the Court of Appeals any more than necessary. Otherwise, we would have reversed that judgment. We believe that an order of the Court of Appeals containing only the paragraphs of its above-quoted order of July 12, 1955, numbered for identification as paragraphs 1, 2, 7, 12 and 13, probably would have represented a modification of its judgment of September 7, 1954, which would have been in accordance with our opinion i-f it had also contained the following between such numbered paragraphs 2- and 7:
“It is therefore ordered, adjudged and decreed that The Pioneer Savings & Loan Company, through its directors and *258 officers, should reinstate, in the names of the appellees (plaintiffs) the 370 shares of permanent stock of said corporation described in the petition.
“It is further ordered, adjudged and decreed that said The Pioneer Savings & Loan Company shall do nothing to interfere with the rights of appellees (plaintiffs) with respect to such permanent stock, except to the extent necessary to provide for any pre-emptive rights of other shareholders pursuant to Section 8623-35, General Code, with respect to some of those 370 shares, if and when any such rights may be admitted by appellees (plaintiffs) to be valid, or may hereafter be established as still enforceable, or otherwise protected pendente lite. in appropriate legal proceedings of such other shareholders against The Pioneer Savings & Loan Company and against these appellees (plaintiffs).”
It appears that the order of July 12, 1955, of the Court of Appeals was made largely pursuant to the efforts of The Pioneer Savings & Loan Company and over the opposition of plaintiffs. In view of that fact, which substantially contributed to the necessity of this appeal, and in view of the limited relief to which we decided the company was entitled on its previous appeal, we believe that the paragraph of the order of July 12, 1955, identified as No. 12 should also be modified to provide for assessment of three-fourths of the costs against said company and one-fourth thereof against plaintiffs.

Judgment accordingly.

Matthias, Hart, Zimmerman, Stewart, Bell and Tart, JJ., concur.